UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:10-cv-950-RLY-DKL |
| MARSHALL TICHENOR, JESSICA TICHENOR, GREG TICHENOR, VIOLET TICHENOR, and THE ESTATE OF PRESTON TICHENOR, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This case arises from a single-vehicle accident that resulted in serious injuries to Violet[1] and Jessica Tichenor, minor injuries to Marshall and Greg Tichenor, and the death of Preston Tichenor. At the time of the accident, Marshall Tichenor was driving a 2002 Lincoln Navigator that was insured by a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). Expecting bodily injury claims might be presented under the policy, State Farm filed the present Complaint for Declaratory Judgment, asking the court to enter a declaratory judgment that: (1) the household exclusion applies to the accident, (2) the uninsured motor vehicle coverage does not apply to the accident,

---

[1] The court will refer to the individual Tichenor defendants by each defendant's first name, including Preston, now deceased, and will refer to the defendants collectively as the "Tichenors."

1

and (3) providing all other relief just and proper in the premises.

Six motions currently pend in this case. Listed in chronological order of their filing, they are: (1) Motion for Partial Summary Judgment filed by Jessica Tichenor, Greg Tichenor and the Estate of Preston Tichenor; (2) Motion for Summary Judgment filed by Marshall and Violet Tichenor; (3) Motion for Summary Judgment filed by State Farm Mutual Insurance Company; (4) Second Motion for Partial Summary Judgment filed by Jessica Tichenor, Greg Tichenor and the Estate of Preston Tichenor; (5) Notice to Enforce Federal Rule 11 filed by Marshall and Violet Tichenor; and (6) Motion for Oral Argument filed by Marshall and Violet Tichenor. Because these motions relate to the same set of facts and address many of the same issues, the court addresses all six motions in this Entry. For the reasons set forth below, the court **GRANTS** in part, and **DENIES** in part, State Farm's Motion, and **DENIES** the balance of the Motions.

**I.   Factual Background**

The facts in this case are undisputed.

Greg Tichenor is the adult son of Marshall and Violet Tichenor. Greg is low functioning and receives disability benefits from the Social Security Administration. On December 29, 2009, Greg's wife, Jessica, gave birth to a son named Preston. Following his birth, Jessica began suffering from what would later be diagnosed as post-partum depression. It soon became apparent that Jessica and Greg needed assistance to care for Preston. Accordingly, on February 8, 2010, Greg, Jessica, and Preston, moved out of the home they were renting in Camby, Indiana, and into the home of Marshall and Violet in

Westport, Indiana.

When they moved out of the home in Camby, Greg and Jessica took all of their belongings, except an old couch. Greg and Jessica shared a bedroom with Preston, and slept on a mattress on the floor for the first couple of weeks. Most of their belongings were stored in the basement and two spare bedrooms. Greg and Jessica also shared a key to the house – the same key Greg had had for many years.

Greg and Jessica did not intend to live with Marshall and Violet on a permanent basis. They intended to move out as soon as Jessica was able to care for Preston. To this end, Greg actively looked for an apartment in Columbus, Indiana, with the goal of securing housing closer to Marshall and Violet. Due to Greg and Jessica's financial situation, they had to apply for government housing and were placed on waiting lists given the unavailability of Section 8 housing.

On May 28, 2010, Marshall, Violet, Greg, Jessica, and Preston left for Florida in Marshall's Lincoln Navigator. While traveling on Interstate 65 in Hart County, Kentucky, Marshall fell asleep at the wheel and lost control of his vehicle, striking a guardrail. Preston suffered serious injuries and later died. Jessica and Violet also suffered serious injuries, and required extended hospitalization. Marshall and Greg suffered only minor injuries and were quickly released from the hospital.

Preston's death certificate reflected that he resided at Marshall and Violet's address. The funeral home account ledger shows an address for Preston's father, Greg, that is the same as Marshall and Violet's.

Following the accident, Jessica and Greg did not return to Marshall and Violet's home.

At the time of the accident, Marshall had a policy of automobile liability insurance on the vehicle he was driving through State Farm, under policy number C62-6903-A24-14I. (Plaintiff's Ex. 2, Docket # 50). The policy had limits of liability coverage in the amount of $250,000 per person/$500,000 per accident. (*Id*.). All other facts necessary for the resolution of this Entry will be addressed in the Discussion Section below.

## II. Contract Interpretation

Insurance contracts are subject to the same rules of construction as other contracts: The goal is to ascertain and enforce the parties' intent as manifested in the insurance contract. *Briles v. Wausau Ins. Co.*, 858 N.E.2d 208, 213 (Ind. Ct. App. 2006). In accomplishing that goal, the court must construe the insurance policy as a whole, and not just the individual words, phrases, or paragraphs. *Westfield Co. v. Knapp*, 804 N.E.2d 1270, 1274 (Ind. Ct. App. 2004). If the policy language is clear and unambiguous, Indiana courts give the language its plain and ordinary meaning. *Id*.

The court must interpret the policy language in a manner that harmonizes the provisions rather than one that supports a conflicting version of the provisions. *Id*. Policy terms are interpreted from the perspective of an ordinary policyholder of average intelligence. *Id*. If reasonably intelligent persons may honestly differ as to the meaning of the policy language, the policy is ambiguous. *Id*. "An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would

4

differ as to its meaning." *Briles*, 858 N.E.2d at 213. As with other contracts, the interpretation of an insurance contract is a question of law. *Id.*

**III. Discussion**

Because the issues raised in the pending motions for summary judgment overlap in some respects, the court elects to organize the Discussion Section by the issues common to each motion. The court will begin with whether the household exclusion excludes Violet, Greg, Jessica, and Preston from coverage under Marshall's State Farm policy.

**A. Household Exclusion**

State Farm's position is that the household exclusion applies to any liability claims the occupants of Marshall's vehicle – Violet, Greg, Jessica, and Preston – may have against Marshall. The household exclusion is addressed in State Farm's Motion for Summary Judgment; Marshall and Violet's Motion for Summary Judgment; and Jessica, Greg, and Preston's Second Motion for Partial Summary Judgment. The parties agree that Indiana law applies to this case.

The liability section of the policy included an exclusion known as the household exclusion:

> THERE IS NO COVERAGE FOR AN **INSURED**:
>
> . . .
>
> 2. FOR **BODILY INJURY** TO:
>
> a. **YOU**;
>
> b. **RESIDENT RELATIVES**; AND

5

c. ANY OTHER **PERSON** WHO BOTH RESIDES PRIMARILY WITH AN **INSURED** AND WHO:

(1) IS RELATED TO THAT **INSURED** BY BLOOD, MARRIAGE, OR ADOPTION; OR

(2) IS A WARD OR FOSTER CHILD OF THAT **INSURED**[.]

(Plaintiff's Ex. B at 7, Docket # 50). Indiana courts have repeatedly upheld the validity of this exclusion. *Trans America Ins. Co. v. Henry*, 563 N.E.2d 1265, 1268-69 (Ind. 1990) ("Since at least 1977, our courts have made clear that household exclusion clauses will be read to be consistent with the public policy of Indiana"); *United Farm Bureau Mut. Ins. Co. v. Steele*, 622 N.E.2d 557, 560 (Ind. Ct. App. 1993) ("Indiana Courts have upheld household exclusion clauses several times."). The undisputed evidence reflects that Violet is listed as a named insured on the Declarations Page, (Plaintiff's Ex. 2, Docket # 50), and, therefore, meets the definition of "you" under the policy. Accordingly, the household exclusion applies to Violet.

The more complex question is whether Greg, Jessica, and Preston meet the definition of "resident relatives." The policy defines "resident relative" as:

a **person** other than **you**, who resides primarily with the first **person** shown as a named insured on the declarations page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption. . . .

2. a ward or foster child of that named insured, his or her spouse, or a **person** described in 1. above.

(Plaintiff's Ex. B at 4-5, Docket # 50). As there is no dispute that Greg, Jessica, and Preston were related to Marshall or that Marshall was the first person shown as a named insured on the Declarations Page, the portion of the definition of a resident relative at issue in this case is "a person . . . who resides primarily with [Marshall Tichenor]." (*Id.* at 4).

"The term residence has no fixed or precise meaning in Indiana law." *Chance v. State Auto Ins. Companies*, 684 N.E.2d 569, 571 (Ind. Ct. App. 1997) (citing *Johnson v. Payne*, 549 N.E.2d 48, 50 (Ind. Ct. App. 1990)). However, in cases where it must be determined whether coverage should be extended to someone other than the named policy holder, the term should be given a broad meaning. *Id.* (citing *Aetna Casualty & Surety Co. v. Crafton*, 551 N.E.2d 893, 895 (Ind. Ct. App. 1990)). In determining residency status under an automobile liability insurance contract, Indiana courts consider the following factors: (1) whether the claimant maintained a physical presence in the policy holder's home; (2) whether the claimant had a subjective intent to reside there; and (3) the nature of the claimant's access to the policy holder's home and its contents. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000) (citing *Jones v. Western Reserve Group*, 699 N.E.2d 711, 714 (Ind. Ct. App. 1998)). The fact-finder should also consider "all of the evidence indicative of the claimant's living habits." *Id.*

State Farm relies on *Allstate Ins. Co. v. Shockley* for the proposition that Jessica, Greg, and Preston were residing in Marshall and Violet's home at the time of the accident. 793 F.Supp. 852 (S.D. Ind. 1991). In *Shockley*, DeWayne and Karen DesJarlais

7

made arrangements with DeWayne's aunt, Edith Shockley, to care for their three children – ages five, two, and less than one – until DeWayne and Karen could find employment, sell their home in Indianapolis, and buy a new home in California. *Id*. at 854. The children were removed from Edith's home after DeWayne and Karen discovered that they were sexually molested by Edith's son. *Id*. DeWayne and Karen later filed a lawsuit against Edith. *Id*. Edith's insurer, Allstate, sought a declaratory judgment that it was not liable under Edith's homeowner's policy for, *inter alia*, the injuries to the children. *Id*. at 854-55. The issue before the district court was whether the children were "residents" of Edith's household during the eight weeks that they lived there. *Id*. at 855.

In determining that the children were "residents" of Edith's household, the district court reasoned that "the children were not transients, and manifested more than a 'mere' physical presence in the household." *Id*. at 857. The court noted that the children lived with Edith continuously for eight weeks, and were completely dependent on her "for food, clothing, medicine, shelter, and parental care." *Id*. The court also found that the parties intended for the children to remain with Edith indefinitely. *Id*. To this end, the court found that the parameters of the children's stay – both parents finding work, the sale of the Indianapolis home, and the purchase of a house in California – were conditions that "could have remained unfulfilled for some time." *Id*. Noting that a person can be a resident simply by having a fixed abode for the time being, the court held that the undisputed facts showed that the children were residents of Edith's household. *Id*. The court therefore granted Allstate's motion for summary judgment. *Id*. at 859.

Although *Shockley* addresses facts similar to those presented in this case, this court respectfully disagrees with the decision for this reason: whether one possesses a subjective intent to stay in a household is a fact-sensitive inquiry. *See Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1160 (7th Cir. 1993) (applying Indiana law and noting that "summary judgment ought to be used sparingly and with great caution in cases as this one where subjective intent is a factor in the determination"). The evidence in this case reflects that the subjective intent of Greg and Jessica to reside for more than a transitory period at Marshall and Violet's home is at issue. Greg and Jessica testified that they moved into Marshall and Violet's home only until such time as Jessica's post-partum depression was under control. Marshall and Violet's understanding of Greg and Jessica's circumstances confirms this fact. Moreover, Greg and Jessica only unpacked their essentials, and left the rest of their belongings in boxes. Finally, all concerned agree that Greg actively looked for housing for his family during the time he, Jessica, and Preston were staying in Marshall and Violet's home. The fact that Greg and Jessica's mail came to Marshall's home, and Preston's death certificate reflected Marshall's address, is not dispositive. Marshall's address is where they were staying at that time. In sum, a reasonable juror could conclude from these facts that Greg, Jessica, and Preston did not have the intent to reside in Marshall's home at the time the accident at issue occurred.

In addition, unlike the children in *Shockley*, Greg and Jessica were not completely dependent upon Marshall and Violet for their own well-being, or for the care of their son, Preston. Greg received disability income from the Social Security Administration, and

9

paid Marshall and Violet a small sum to stay in their home. The court therefore finds a genuine issue of material fact exists as to whether Greg, Jessica, and Preston maintained a physical presence in Marshall's home consistent with being a resident. Accordingly, with respect to the household exclusion, State Farm's Motion for Summary Judgment is **DENIED**; Marshall and Violet's Motion for Summary Judgment is **DENIED**; and Jessica, Greg, and Preston's Second Motion for Partial Summary Judgment is **DENIED**.

### B.     Required Out-Of-State Coverage

In the event the household exclusion applies, State Farm agrees that because the accident at issue occurred in Kentucky, the policy's Required Out-Of-State Coverage provision provides coverage to Marshall. State Farm and the Tichenors disagree, however, on the extent of coverage. This issue is addressed in Jessica, Greg, and Preston's Motion for Partial Summary Judgment, State Farm's Motion for Summary Judgment, and Marshall and Violet's Motion for Summary Judgment.

The Required Out-Of-State Liability provision reads:

If:

1. an **insured** is in another state, the District of Columbia, or any province of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

Then this policy will be interpreted to provide the minimum liability coverage required by such law.

(Plaintiff's Ex. B at 9, Docket # 50). State Farm argues that, pursuant to Kentucky's Motor Vehicle Reparation Act ("KMVRA"), the policy provides minimum liability coverage to Marshall in the amount of $25,000 per person and $50,000 per accident. The Tichenors argue that the minimum liability coverage provided by Kentucky law, as interpreted by Kentucky state courts, is the policy's full limits of $250,000 per person and $500,000 per accident.

The effect of a policy provision similar to the Required Out-Of-State Liability Coverage was explained by this court's prior decision in *State Farm Mutual Automobile Liability Ins. Co. v. Smith*, 812 F.Supp. 141 (S.D. Ind. 1992). In that case, Jill Smith was a passenger in a vehicle owned by her and her father when she was injured in an accident. *Id*. at 142. Smith and her father were residents of Indiana, but the accident occurred in Kentucky. *Id*. Smith asserted a claim against the permissive user of her vehicle under the liability coverage provided in her and her father's policy with State Farm. *Id*. Smith argued that the out-of-state coverage provision included in the policy provided that "the insured shall have the coverage called for under Kentucky law." *Id*. at 143. This court rejected Smith's contention:

> The policy does not say that out-of-state coverage is governed, or the policy interpreted, by the law of the state in which the collision occurs . . . . Rather, the policy provides that if the insured becomes subject to another state's compulsory insurance laws, then the policy will be read to give such coverage as is required by law. The court finds such language to provide for only such minimum mandatory coverage as required by the [KMRA].

*Id*. at 144.

11

The language in Marshall's policy provides an even stronger basis than existed for this court's holding in *Smith*. His policy specifically states that "this policy will be interpreted to provide the minimum liability coverage required by such law." (Plaintiff's Ex. B at 9, Docket # 50). This more explicit language specifically referencing "minimum liability coverage" was absent in the policy provision at issue in *Smith*. Accordingly, to the extent the household exclusion applies and provides no coverage to Violet, Greg, Jessica, and Preston, Marshall is entitled to the minimum liability coverage provided by the KMRV – $25,000 per person and $50,000 per accident.

In support of the Tichenors' position, they cite *Marley[2] v. State Farm Mutual Automobile Insurance Co.*, 2002 Ky. App. LEXIS 1923 (Ky. Ct. App. Sept. 13, 2002) ("*Marley I*"), wherein the Kentucky Court of Appeals held that the out-of-state coverage provision in the insured's State Farm automobile liability policy did not limit his recovery to the minimum liability amount contained in the KMVRA. *Id.* at *22. The Tichenors seize upon that language and argue that the minimum liability amount required by the KMVRA is full policy limits. *Marley I* has no applicability to this case for several reasons.

First, although the *Marley I* Court found that under traditional choice-of-law

---

[2] They also cite *State Farm Mutual Automobile Ins. Co. v. Marley*, 151 S.W.3d 33, 36 (Ky. 2004) ("*Marley II*"). *Marley II* addressed State Farm's appeal of the *Marley I* decision. The issue before the Kentucky Supreme Court was whether the household exclusion in Larry's umbrella policy as applied to automobile liability coverage was enforceable. The Court affirmed the Court of Appeals in *Marley I*, and held that such a clause was void and unenforceable. As Indiana law applies to this case, and, under Indiana law household exclusion clauses in insurance policies are enforceable, *Marley II* has no applicability to the issue before the court.

principles the law of the State of Indiana should apply, it refused to apply Indiana law because it held that the household exclusion in the automobile liability policy violated the public policy of Kentucky. *Id.* at *18. Thus, *Marley I* involved the application of Kentucky law and relies on Kentucky public policy as announced by Kentucky courts. The present case involves the application of Indiana law. Under Indiana law, household exclusion clauses in automobile liability insurance policies are valid and enforceable. *Henry*, 563 N.E.2d at 1268-69; *Steele*, 622 N.E.2d at 560; *Smith*, 812 F.Supp. at 145.

Second, the out-of-state coverage provision at issue in *Marley I* contained different language than the provision at issue in this case. Specifically, it provided that the "coverage so given replaces any coverage in this policy to the extent required by law." *Marley*, 2002 Ky. App. LEXIS 1923 at * 22. Here, the out-of-state coverage provision requires that the policy provide "the minimum liability required" by the KMVRA. (Plaintiff Ex. B at 9; Docket # 50). Applying *Marley I* to the facts of this case reads the word "minimum" right out of the policy, such that the policy will never be interpreted to provide the "minimum liability coverage" as agreed to in the policy. Indeed, applying *Marley I* to the facts of this case leads to an interpretation of the word "minimum" at odds with its plain and ordinary meaning – i.e., the maximum coverage provided under the policy is always provided. Indiana law requires that contract language be construed "so as not to render any words, phrases, or terms ineffective or meaningless." *Town v. Plainfield v. Paden Eng'g Co., Inc.*, 943 N.E.2d 904, 909 (Ind. Ct. App. 2011). Failing to give effect to the word "minimum" is contrary to Indiana law.

For the reasons set forth above, to the extent the household exclusion applies and provides no coverage to Violet, Greg, Jessica, and Preston, the policy's Required Out-Of-State Coverage provision applies and broadens coverage from zero to the minimum liability coverage required by Kentucky law; that being, $25,000 per person and $50,000 per accident. Ky. Rev. Stat. Ann. Sec. 304.39-110. Accordingly, with respect to the liability coverage afforded under the Required Out-Of-State Coverage provision in Marshall's State Farm policy, State Farm's Motion for Summary Judgment is **GRANTED** to the extent the household exclusion applies, Jessica, Greg, and Preston's Motion for Partial Summary Judgment is **DENIED**, and Marshall and Violet's Motion for Summary Judgment is **DENIED**.

### C. Uninsured Motorist Coverage

The issue of whether uninsured motorist coverage would be available to Greg, Jessica, and Preston is raised in Marshall and Violet's motion for summary judgment, and State Farm's motion for summary judgment. Marshall and Violet ultimately concede that Marshall's Lincoln Navigator is an insured vehicle, and that Marshall and Violet are the named insureds on the State Farm Declarations Page. Thus, the uninsured motorist provision does not provide coverage to Greg, Jessica, and Preston. Accordingly, Marshall and Violet's motion for summary judgment on that issue is **DENIED**, and State Farm's motion for summary judgment is **GRANTED**.

### D. Rule 11 Sanctions

In Marshall and Violet's motion for summary judgment, they contend that State

Farm's declaratory judgment action is frivolous pursuant to Indiana Code Section 34-52-1-1(b) and Federal Rule of Civil Procedure 11, and seek their attorney's fees. This motion is denied for several reasons. First, Indiana Code Section 34-52-1-1 provides that "in any civil action, the court may award attorney's fees as part of the cost to the prevailing party" if certain circumstances are met. This is a rule of procedure in the Indiana state courts. This court has diversity jurisdiction over this case, and thus, federal procedural law, and not state procedural law, applies. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 754-55 (7th Cir. 2004). Moreover, Marshall and Violet are not prevailing parties – at least at the present time. Second, Marshall and Violet's contention that State Farm filed a frivolous lawsuit is based upon their belief that *Marley I* and *Marley II* clearly apply to this case. As previously stated, *Marley I* and *Marley II* arose in a Kentucky state court and both the Marley I and Marley II cases applied Kentucky, and not Indiana law. Accordingly, State Farm's lawsuit is not frivolous. Marshall and Violet's request for attorney's fees is **DENIED**.

Marshall and Violet also filed a Notice to Enforce Rule 11 Sanctions on grounds that State Farm, "knowing that there was coverage, filed a Complaint in this Court asserting, contrary to its policy, that there was no coverage . . . ." (Notice, Docket # 73 at 1). Marshall and Violet's Notice (which the court will treat as a motion) will be denied. State Farm's Complaint does not state that there is no coverage; it seeks a declaratory judgment that the household exclusion and the uninsured motorist provisions of the policy do not provide coverage, and requests "all other relief just and proper in the premises."

Moreover, pursuant to Rule 11(c)(2), "The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The advisory committee notes to Rule 11 make clear that, "If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegations or contention, the motion should not be filed with the court."

Here, even if the Tichenors did believe that the Complaint alleged there was "absolutely no coverage," they knew that was not State Farm's position at the time they filed their Notice. By that time, State Farm had already filed several briefs in which it stated that there was some liability coverage under the policy's Required Out-Of-State coverage provision. Accordingly, Marshall and Violet's Notice to Enforce Rule 11 is **DENIED**.

### E. Oral Argument

Lastly, Marshall and Violet request oral argument on all motions for summary judgment filed in this case. As the court was able to rule on these motions without the need for oral argument, the motion is **DENIED**.

## IV. Conclusion

For the reasons set forth above, the court now rules as follows:

(1) Motion for Partial Summary Judgment filed by Jessica Tichenor, Greg Tichenor and the Estate of Preston Tichenor (Docket # 41) is **DENIED**;

(2) Motion for Summary Judgment filed by Marshall and Violet Tichenor (Docket # 45) is **DENIED**;

(3) Second Motion for Partial Summary Judgment filed by Jessica Tichenor, Greg Tichenor and the Estate of Preston Tichenor is **DENIED** (Docket # 65);

(4) Notice to Enforce Federal Rule 11 filed by Marshall and Violet Tichenor (Docket # 73) is **DENIED**;

(5) Motion for Oral Argument filed by Marshall and Violet Tichenor (Docket # 74) is **DENIED**; and

(6) Motion for Summary Judgment filed by State Farm Mutual Insurance Company (Docket # 63) is **GRANTED** with respect to the Required Out-Of-State Coverage provision, and **DENIED** with respect to the household exclusion.

**SO ORDERED** this __2nd__ day of February 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Timothy Patrick Coriden
CORIDEN LAW OFFICES
timothyp@coriden.com

Robert A. Durham
STATE FARM LITIGATION COUNSEL
indi.law-indyclc.366L18@statefarm.com

Patrick W. Harrison
woodyh@woodyharrison.com